

# The Attorney General of Texas

October 16, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles D. Travis
Executive Director
Texas Parks & Wildlife Department
4200 Smith School Road
Austin, Texas 78744

Opinion No. MW-70

Re: Whether the state may contract to operate and maintain for an indefinite period recreational facilities developed in a federally owned park.

Dear Mr. Travis:

You inform us that the Parks and Wildlife Department has negotiated a cost sharing agreement with the United States for recreational development of federally owned property. Under the proposed agreement, the state would lease the property for an indefinite period. The federal government requires the state to assume responsibility for operating, maintaining, and replacing all recreational facilities developed on the leased premises. You wish to know whether you may unconditionally promise to pay the operation and maintenance costs for an indefinite period into the future.

Parks and Wildlife has authority to spend state funds to build facilities on land owned by the federal government. See V.T.C.S. Parks & Wild. Code §§ 13.301 - 13.313; Attorney General Opinion H-257 (1974). The expenditures are made from the Texas Parks Fund established pursuant to section 3 of article 7.06, Taxation-General, V.T.C.S., and appropriated by the legislature for purposes stated in that statute. See Attorney General Opinions H-575 (1975); H-257 (1974); M-1164 (1972).

Article VIII, section 6 of the Texas Constitution provides that no appropriation may be made for a period longer than two years. The state may not as a general matter contract on the basis of anticipated revenues beyond the two year period. See Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660 (Tex. 1935); Attorney General Opinions V-291 (1947); O-1544 (1939). Article III, section 49 of the constitution prohibits the state from creating debts and also prevents contracting on the basis of anticipated revenues.

It is, however, possible for the state to enter into a contract for a period longer than two years. See generally S. Susman, Contracting with the State of Texas-Fiscal and Constitutional Limitations, 44 Tex. L. Rev. 106,

140 (1965). It may enter into a requirements contract, where it does not commit itself in advance to purchase any amount of the commodity or to appropriate any funds. See City of Big Spring v. Board of Control, 404 S.W.2d 810 (Tex. 1966); Charles Scribner's Sons, Inc. v. Marrs, 262 S.W. 722 (Tex. 1924). Since no obligation to pay arises until the goods are delivered, this kind of contract does not commit appropriated funds for longer than two years. Obligations that run current with revenues are not debts within the constitution and thus do not violate article III, section 49. In addition, the state may obligate revenues which do not go through the appropriations process for a period longer than two years. Friedman v. American Surety Co. of New York, 151 S.W.2d 570 (Tex. 1941); Attorney General Opinion O-1694 (1939). The state may also enter into a binding contract involving the expenditure of appropriated funds for longer than two years where payment is conditioned upon the availability of appropriated funds. See, e.g., V.T.C.S. art. 666b, § 5(h); Attorney General Opinions M-253 (1968); M-89 (1967); C-134 (1963). Finally, where the amount of the state's obligation can be ascertained at the inception of the contract, it may pay the entire consideration in advance. Attorney General Opinions C-134 (1963); O-6246 (1944).

If your proposed contract conforms to any one of the methods discussed above, you may enter into it for a period of more than two years, but you may not enter into a contract that unconditionally promises to make expenditures from funds to be appropriated in the future.

### SUMMARY

The Department of Parks and Wildlife may not enter into an unconditional contract to make expenditures from funds to be appropriated in the future. However, there are procedures by which the Department may enter into contracts with terms exceeding two years.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bill Campbell
Susan Garrison
Rick Gilpin
Les King
William G Reid
Bruce Youngblood